UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WALTER W. BLANCK, SR.,

       Petitioner,

v.                                                                    Case No. 09-CV-536

WILLIAM POLLARD,

       Respondent.

_____

## ORDER

On May 28, 2009, Walter W. Blanck, Sr. ("Blanck") filed a petition for a writ of habeas corpus challenging his 1999 criminal conviction in Waukesha County Circuit Court for false imprisonment, kidnapping, battery, and three counts of sexual assault in the second degree. (Docket #1). Blanck is currently serving a sentence of sixty-seven and a half years, and is confined to the Green Bay Correctional Institution. Blanck moves for leave to proceed *in forma pauperis* and to appoint counsel. However, because the court lacks jurisdiction to consider Blanck's petition, it must be dismissed.

Over the past decade, Blanck has filed three habeas petitions in this district challenging the same state criminal conviction from Waukesha County, the last of which was dismissed in 2005 as successive. *See Blank v. Waukesha County*, No. 99-CV-260, 48 F.Supp.2d 859 (E.D. Wis. 1999) (dismissing habeas petition); *Blanck v. Bertrand*, No. 02-CV-290 (dismissing habeas petition); *Blanck v. Pollard*, No. 05-CV-1207 (dismissing habeas petition as successive). Under 28 U.S.C. § 2244, the

court must dismiss second or successive habeas petitions except in the limited circumstances outlined in 28 U.S.C. § 2244(b)(2). Even in those limited circumstances, the court of appeals must first authorize such a filing. 28 U.S.C. § 2244(b)(3). In other words, a successive petition for habeas relief may not begin in the district court, but rather must first be brought to the court of appeals. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Until such time as the court of appeals authorizes a successive petition, the district court lacks subject matter jurisdiction to hear such a petition. *Id.* Because Blanck's habeas petition is successive, and Blanck has not received authorization from the Court of Appeals for the Seventh Circuit, the court is obliged to dismiss Blanck's petition.

As an aside, the court is aware of Blanck's past propensity for filing frivolous lawsuits in this district. Beyond his successive habeas petitions, Blanck has also incurred at least two strikes as a result of his frivolous civil rights case filings. *See Blanck v. Waukesha County*, No. 99-CV-854 (dismissing case brought under 42 U.S.C. § 1983 as frivolous and imposing a "strike" pursuant to the PLRA); *Blanck v. Gorence*, No. 06-CV-732 (dismissing § 1983 case as frivolous and again imposing a "strike" pursuant to the PLRA). In light of this history, the court deems it necessary to warn Blanck that if he chooses to continue down the path of filing cases in this district seeking relief to which he knows or should know he is not entitled, be it habeas or otherwise, there may be consequences more severe than mere dismissal. *See e.g., Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (recognizing

-2-

Case 2:09-cv-00536-JPS   Filed 06/23/09   Page 2 of 3   Document 10

court must dismiss second or successive habeas petitions except in the limited circumstances outlined in 28 U.S.C. § 2244(b)(2). Even in those limited circumstances, the court of appeals must first authorize such a filing. 28 U.S.C. § 2244(b)(3). In other words, a successive petition for habeas relief may not begin in the district court, but rather must first be brought to the court of appeals. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Until such time as the court of appeals authorizes a successive petition, the district court lacks subject matter jurisdiction to hear such a petition. *Id.* Because Blanck's habeas petition is successive, and Blanck has not received authorization from the Court of Appeals for the Seventh Circuit, the court is obliged to dismiss Blanck's petition.

As an aside, the court is aware of Blanck's past propensity for filing frivolous lawsuits in this district. Beyond his successive habeas petitions, Blanck has also incurred at least two strikes as a result of his frivolous civil rights case filings. *See Blanck v. Waukesha County*, No. 99-CV-854 (dismissing case brought under 42 U.S.C. § 1983 as frivolous and imposing a "strike" pursuant to the PLRA); *Blanck v. Gorence*, No. 06-CV-732 (dismissing § 1983 case as frivolous and again imposing a "strike" pursuant to the PLRA). In light of this history, the court deems it necessary to warn Blanck that if he chooses to continue down the path of filing cases in this district seeking relief to which he knows or should know he is not entitled, be it habeas or otherwise, there may be consequences more severe than mere dismissal. *See e.g., Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (recognizing

court's inherent authority to sanction party for abusive filing of habeas petitions); *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (instituting sliding scale fine and barring petitioner from filing future civil litigation for successive habeas petition filing).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket #2), and petitioner's motion to appoint counsel (Docket #5) be and the same are hereby **DENIED** as moot;

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge